UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEWSPIN SPORTS, LLC,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>BLAST MOTION, INC., et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 18-cv-02273-BEN (JLB)<br><br>**ORDER GRANTING JOINT MOTION FOR ENTRY OF ESI ORDER; AND ENTERING ESI ORDER**<br><br>**[ECF No. 40]** |

Before the Court is the parties' Joint Motion for Entry of ESI Order. (ECF No. 40.) For good cause shown, the parties' Joint Motion is **GRANTED**, and the following ESI Order is entered:

This Order will govern the discovery of electronically stored information ("ESI").

## **RULES REGARDING E-DISCOVERY**

1.　　This Order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1.

2.　　This Order may be modified for good cause. The parties shall jointly submit any proposed modifications. If the parties cannot resolve their disagreements regarding

1

these modifications, the parties shall submit their competing proposals and a summary of their dispute.

    3. Costs will be shifted for disproportionate ESI production requests pursuant to Federal Rule of Civil Procedure 26. Likewise, a party's nonresponsive or dilatory discovery tactics will be cost-shifting considerations.

    4. A party's meaningful compliance with this Order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

    5. General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include metadata absent a showing of good cause, with the exception of spreadsheets should be produced in native form with metadata. However, fields showing the date and time that the document was sent and received, as well as the complete distribution list, shall generally be included in the production.

    6. General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence (collectively "email"). To obtain email parties must propound specific email production requests.

    7. Email production requests shall only be propounded for specific issues, rather than general discovery of a product or business.

    8. Email production requests shall be phased to occur after the parties have exchanged initial disclosures and basic documentation about the patents, the prior art, the accused instrumentalities, and the relevant finances. While this provision does not require the production of such information, the Court encourages prompt and early production of this information to promote efficient and economical streamlining of the case.

    9. Email production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms and proper timeframe.

    10. Each requesting party shall limit its email production requests to a total of five custodians per producing party for all such requests. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests

1  for up to five additional custodians per producing party, upon showing a distinct need based on the size, complexity, and issues of this specific case. Should a party serve email production requests for additional custodians beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, the requesting party shall bear all reasonable costs caused by such additional discovery.

11. Each requesting party shall limit its email production requests to a total of five search terms per custodian per party. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for up to five additional search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery. Should a party serve email production requests with search terms beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, the requesting party shall bear all reasonable costs caused by such additional discovery.

12. The receiving party shall not use ESI that the producing party asserts is attorney-client privileged or work product protected to challenge the privilege or protection.

13. Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding.

3

14. The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.

**IT IS SO ORDERED.**

Dated: December 2, 2019

*Jill Burkhardt*
Hon. Jill L. Burkhardt
United States Magistrate Judge